# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32570**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Vincent M. KERR**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 20 August 2020

————————————

*Military Judge:* Matthew D. Talcott.

*Approved sentence:* Bad-conduct discharge, confinement for 35 days, reduction to E-1, and a reprimand. Sentence adjudged 16 October 2018 by SpCM convened at Tinker Air Force Base, Oklahoma.

*For Appellant:* Major Kirk W. Albertson, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel Brian C. Mason, USAF; Major Dayle P. Percle, USAF; Captain Kelsey B. Shust, USAF; Mary Ellen Payne, Esquire.

Before J. JOHNSON, POSCH, and KEY, *Appellate Military Judges.*

Senior Judge POSCH delivered the opinion of the court, in which Chief Judge J. JOHNSON and Judge KEY joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

POSCH, Senior Judge:

A special court-martial composed of a military judge sitting alone found Appellant guilty, in accordance with his pleas and pursuant to a pretrial agreement (PTA), of one charge and one specification of fraudulent enlistment

(Charge I) and one charge and three specifications of wrongful use of a controlled substance (Charge II), in violation of Articles 83 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 883, 912a.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for two months, reduction to the grade of E-1, and a reprimand. Consistent with the terms of the PTA, the convening authority approved only 35 days of confinement but otherwise approved the sentence as adjudged.

Appellant raises one assignment of error on appeal: whether he is entitled to new post-trial processing because the staff judge advocate's recommendation (SJAR) misstated the authority of the convening authority to grant clemency and the addendum to the SJAR failed to correct the error. We find the errors do not require new post-trial processing and action, and affirm.

## I. DISCUSSION

The National Defense Authorization Act for Fiscal Year 2014 modified Article 60, UCMJ, 10 U.S.C. § 860, and limited the convening authority's ability to grant clemency. Pub. L. No. 113–66, § 1702, 127 Stat. 672, 955–58 (2013). The effective date of the change was 24 June 2014. *Id.* at 958. However, where a court-martial conviction involves an offense committed before 24 June 2014 or includes a date range where the earliest date in the range for that offense is before 24 June 2014, the convening authority has the same authority under Article 60 as was in effect before 24 June 2014, except with respect to a mandatory minimum sentence under Article 56(b), UCMJ, 10 U.S.C. § 856(b). Carl Levin and Howard P. "Buck" McKeon National Defense Authorization Act for Fiscal Year 2015, Pub. L. No. 113–291, § 531, 128 Stat. 3292, 3365 (2014); *United States v. Rogers*, 76 M.J. 621, 624 (A.F. Ct. Crim. App. 2017) (citation omitted).

Appellant's conviction for fraudulent enlistment is based on charged conduct that occurred before 24 June 2014. Consequently, the convening authority who took action retained the full authority to set aside any finding of guilty, to change any finding of guilty in accordance with Appellant's pleas to a finding of guilty to a lesser included offense, to disapprove or mitigate the sentence in whole or in part, or to change Appellant's punishment to one of a different nature so long as the severity is not increased. Exec. Order 13,730, 81 Fed. Reg. 33,331, 33,337 (20 May 2016) (amending "Note located immediately following the title of R.C.M. 1107").

---

[1] All references in this opinion to the Uniform Code of Military Justice and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2016 ed.).

**A. Error in the SJAR**

After Appellant's court-martial, the convening authority's staff judge advocate, Lieutenant Colonel (Lt Col) AM, signed an SJAR that, in reliance on the PTA, recommended the convening authority approve only 35 days of the sentence to confinement. Although this aspect of Lt Col AM's recommendation was proper advice as it comported with the limitation on sentence in the PTA, Lt Col AM misadvised the convening authority on his power to affect the findings and the bad-conduct discharge. The erroneous advice was as follows:

> For Charge I and II, and all their specifications, you only have the authority to approve the findings of guilt and cannot dismiss the findings of guilt.
>
> . . . .
>
> . . . You do not have the authority to disapprove, commute, or suspend in whole or in part the punitive discharge.

The proper completion of post-trial processing is a question of law the court reviews de novo. *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000) (citing *United States v. Powell*, 49 M.J. 460, 462 (C.A.A.F. 1998)). Failure to comment in a timely manner on matters in the SJAR or matters attached to the SJAR waives in the absence of plain error, or forfeits, any later claim of error. Rule for Courts-Martial 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005). Analyzing for plain error, we assess whether "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Scalo*, 60 M.J. at 436 (quoting *Kho*, 54 M.J. at 65).

To be sure, Appellant forfeited a claim of error in the post-trial processing of his case when he chose not to respond to the SJAR before the convening authority took action, and in fact waived his right to submit matters in clemency. However, the legal advice in the SJAR that preceded the waiver was plainly incorrect. The conduct underlying Appellant's conviction for fraudulent enlistment occurred "on or about 18 March 2014." Thus, even though the conduct underlying the conviction for wrongful use of controlled substances involves conduct that occurred after June 24, 2014, the convening authority retained the full authority to affect the findings of guilty and the bad-conduct discharge. This is so because the date range of the offenses of which Appellant was convicted "straddles" 24 June 2014, the effective date of the changes to Article 60, UCMJ. *See Rogers*, 76 M.J. at 626. Therefore, contrary to the advice in the SJAR, the convening authority in this case had the power to set aside the findings of guilty and to disapprove, mitigate, or modify the sentence in whole or in part. The advice in the SJAR that the convening authority did not have the power to modify the findings or the adjudged bad-conduct discharge was clearly and obviously erroneous.

## B. Appellant's Waiver

Appellant received the SJAR with the erroneous advice on 14 January 2019. On 22 January 2019, Appellant waived his right to submit matters in clemency. Appellant's waiver stated, *inter alia*, that Appellant "understand[s] that the convening authority *may in certain cases permitted by law* disapprove findings of guilt to any charge and/or specification, but may not change a finding of not guilty to guilty." (Emphasis added). Appellant stated he further understood "that the convening authority *may in certain cases permitted by law* disapprove a legal sentence, mitigate [lessen] the sentence, or change a punishment to one of a different [but not more severe] nature." (Alterations in original) (emphasis added).

Upon receipt of Appellant's waiver, Lt Col AM signed an addendum to the SJAR that failed to address the errors in the SJAR. The addendum addressed Appellant's waiver of clemency, and concluded that his "earlier recommendation remains unchanged . . . [and] [i]n accordance with the [PTA], [Lt Col AM] recommend[ed the convening authority] approve so much of the sentence that calls for reduction to the grade of E-1, confinement for 35 days, a reprimand, and a bad conduct discharge." The convening authority followed this advice.

## C. Alleged Prejudice

To meet the burden to show error materially prejudicial to a substantial right "in the context of a post-trial recommendation error . . . an appellant must make 'some colorable showing of possible prejudice.'" *Scalo*, 60 M.J. at 436–37 (quoting *Kho*, 54 M.J. at 65). "The threshold is low, but there must be some colorable showing of possible prejudice. . . . in terms of how the [error] potentially affected an appellant's opportunity for clemency." *Id.* at 437.

Despite the errors in the SJAR and the addendum, we are not persuaded that Appellant has met his burden even with the "low threshold for material prejudice." *Id.* (citation omitted). Appellant was sentenced to two months of confinement and received the benefit of his PTA with the convening authority by having his term of confinement reduced from two months to 35 days. With the benefit of advice Appellant received from his trial defense counsel, Appellant made the decision to waive clemency and to not submit any matters for the convening authority to consider. The convening authority who took action on Appellant's sentence submitted a declaration stating that his "action in this case would not have changed" after considering his broader authority, the fact that Appellant waived clemency, and the PTA, which already offered favorable terms to Appellant.

We acknowledge the importance of avoiding unwarranted post hoc speculation that may be caused by this court's reliance on such a declaration.[2] However, Appellant does not claim on appeal that he relied to his detriment on the SJAR or that his trial defense counsel was deficient in the advice Appellant received on the convening authority's power to grant clemency. In his appeal, Appellant claims prejudice only from a "missed opportunity to request clemency," and does not specify what relief he may have sought much less whether he would have asked for relief if the SJAR was not deficient. Furthermore, Appellant makes no claim that he would not have waived clemency had he known of the error in the SJAR, just that his waiver was in some unspecified manner the "natural result" of Lt Col AM's erroneous advice.

Appellant's claim of prejudice rests on an assumption that the matters in extenuation and mitigation, "particularly in light of the nature of the case and the charges," would have compelled a different result. Appellant argues "[t]he charges were relatively minor in nature and were tried by a special court-martial," and that "[i]t is therefore entirely plausible that the convening authority may have chosen to grant clemency had he been properly advised." We disagree and find it implausible that the convening authority would have provided confinement or other relief *sua sponte* if he had not been misadvised by Lt Col AM. As Appellant is unable to demonstrate a colorable showing of possible prejudice, he cannot prevail on this issue. *Scalo*, 60 M.J. at 436–37.

## II. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED.**

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[2] We find the convening authority's declaration is not necessary to determine if Appellant was prejudiced by the errors in the staff judge advocate's recommendation and the addendum. *Cf. United States v. Jessie*, 79 M.J. 437, 444 (C.A.A.F. 2020) (observing precedents that allow courts "to consider affidavits . . . when doing so is necessary for resolving issues raised by materials in the record").